# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WAYNE D. GRILLS,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 26-CV-626-JPS

**ORDER**

## 1. INTRODUCTION

On April 13, 2026, Petitioner Wayne D. Grills ("Grills") filed an unsigned motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, ECF No. 1, and on April 30, 2026, he filed a signed motion along with a request that the Court apply equitable tolling given his motion's untimeliness. ECF No. 2. The Court will screen his signed motion under Rule 4 of the Rules Governing Section 2255 Proceedings and address his request for equitable tolling as well. For the reasons set forth below, the Court will deny Grills' request for equitable tolling, deny his signed § 2255 motion, and dismiss this action with prejudice.[1]

## 2. BACKGROUND

Grills' § 2255 motion arises from his criminal proceedings before this Court in *United States v. Wayne D. Grills*, 18-CR-228-JPS (E.D. Wis.) (the "Criminal Case").[2] Grills pled guilty to kidnapping in violation of 18 U.S.C.

---

[1]As a housekeeping matter, the Court will deny as moot Grills' unsigned motion, ECF No. 1, since his signed motion, ECF No. 2, is the operative motion.

[2]Docket references thereto will be cited as CR-ECF.

§ 1201(a). CR-ECF No. 49. He was sentenced on February 21, 2020 to a total term of 180 months' imprisonment followed by a five-year term of supervised release. CR-ECF No. 63. In March 2020, Grills filed a notice of appeal. CR-ECF No. 66. However, on May 27, 2020, the Seventh Circuit dismissed his appeal pursuant to Federal Rule of Appellate Procedure 42(b) and Circuit Rule 51(f). CR-ECF No. 74 (voluntary dismissal).

Grills has moved for the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF Nos. 1, 2. Grills is incarcerated at Milan Federal Correctional Institution with an anticipated release date of March 2031. *Inmate Locator*, FED. BUREAU OF PRISONS, *available at* https://www.bop.gov/inmateloc/ (last visited July 10, 2026).

## 3.    SCREENING

The Court must now screen Grills' operative § 2255 motion pursuant to Rule 4 of the Rules Governing § 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing 2255 Proceedings. The Court accepts as true a petitioner's well-pleaded factual allegations but not any legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 992 (E.D. Wis. 2000). The Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a

merits review of the claims, the Court directs the Government to respond to the § 2255 motion.

The Court starts and ends its analysis with the issue of timeliness. In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides for:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, Grills acknowledges his § 2255 motion is untimely and requests that equitable tolling apply. ECF No. 2 at 1 ("Reason for out-of-time motion & request for equitable tolling").[3]

---

[3]Because Grills has raised the issue of equitable tolling and made a detailed argument in support of the same in his signed motion, ECF No. 2 at 1–2, the Court notes that it is not confined by *Day v. McDonough*, 547 U.S. 198, 210 (2006) (before a court can dismiss a habeas motion for untimeliness on its own motion, "a court must accord the parties fair notice and an opportunity to present their positions"). *See, e.g., Bransford v. Winkelski*, Case No. 20-CV-462-JPS, ECF Nos. 6, 7 (E.D. Wis.

"The threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). "To qualify for equitable tolling, a petitioner must show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) and *Boulb v. U.S.*, 818 F.3d 334, 339–40 (7th Cir. 2016)).

In support of his position that equitable tolling should apply, Grills argues that "since the outset of this prosecution," he has been to "5 different institutions." ECF No. 2 at 1. He then lists the facilities where he has been incarcerated. *Id.* (noting that he spent "more than [1] year at Milwaukee [County] Jail, 6 months at Terre Haute, 1 year at FCI Pe[]kin, 5 years at FCI Milan, and 6 months at Springfield for a hip replacement"). He suggests that the Bureau of Prisons "gives no warnings" before moving inmates. *Id.* at 2. He also alleges that "[d]uring transfer, m[any] of [his] legal papers w[]ere lost" and that it was not until he arrived at FCI Milan that he realized as much. *Id.* "After his lawyer ghost[ed] him, he was able to get some of the documents [he] needed around August 2025." *Id.* He notes that the "Bureau of Prisons['s] law library has not been updated in over a year," and that prosecutors "have access to A.I.," putting him at a "major disadvantage."

---

Oct. 27, 2020) (dismissing petition at screening where habeas petitioner, in his petition, made argument as to why untimeliness did not apply); *Perkins v. Fuchs*, Case No. 24-cv-301-wmc, ECF Nos. 6 and 7 (W.D. Wis. Sept. 18, 2024) (same); *Clayton v. Warden*, Case No. 3:25-cv-00512-TLS-JEM, ECF Nos. 3, 4 (N.D. Ind. June 27, 2025) (same).

*Id*. Under these circumstances, he argues, he has pursued his motion with due diligence. *Id*.

The Court declines to grant Grills' request for equitable tolling for multiple reasons. First, the fact that he was moved from one prison to another is exactly the kind of argument that courts have repeatedly rejected, as prisoners "may not rely on 'expected, albeit unpredictable' delays associated with prison life in seeking equitable tolling of AEDPA's statute of limitations." *Casas v. United States*, 88 F. Supp. 2d 858, 861 (N.D. Ill. 1999) (quoting *Love v. Roe*, No. 98–0718–IEG(LAB), 1999 WL 253468, at *2 (S.D. Cal. Feb. 25, 1999)); *Eggum v. Boughton*, No. 24-cv-89-pp, 2024 WL 4851051, at *4 (E.D. Wis. Nov. 21, 2024) (citing *Casas*, 88 F. Supp. 2d at 861 and *Moreland v. Eplett*, 18 F.4th 261, 271 (7th Cir. 2021)).

Grills' argument that his paperwork was lost, much less for five years, is also unavailing. *Eggum*, 2024 WL 4851051, at *4 (rejecting the justification that "[petitioner] and his paperwork 'have been through the wringer'" in a case involving an untimely habeas petition). Indeed, such an argument "typically will not succeed, for filing deadlines would become meaningless if a mere affidavit stating that a motion was timely filed, but was evidently lost . . . , was all that was needed to excuse an untimely filing." *Cf. Johnson v. United States*, No. 10–CV–341, 2010 WL 2490694, at *3 (E.D. Wis. June 17, 2010) (discussing the problem in the context of the mailbox rule); *see also United States v. Nieto*, Nos. 2:15-cr-72 and 2:24-cv-35, 2024 WL 4415213, at *3 (N.D. Ind. Oct. 4, 2024) (citing *Happold v. United States*, No. 05-40077-GPM, 2013 WL 6484584, at *2 (S.D. Ill. Dec. 10, 2013) and *Johnson*, 2010 WL 2490694, at *3). And here, the record reflects that if Grills misplaced the documents, he knew where to go to secure the information he needed. To exemplify this point, the Court notes that, in

December 2020, Grills requested a copy of the docket sheet in his Criminal Case and the Clerk of Court responded two days letter with a copy of the docket and the Indictment. CR-ECF Nos. 75 and 75-1.

Similarly, Grills' argument that he did not have to access to A.I. while researching his case is equivalent to arguing that he only had access to a "subpar law library," which is not an extraordinary circumstance. *Jaimes v. Chase*, 25-cv-0103-bhl, 2025 WL 1617405, at *2 (E.D. Wis. May 28, 2025) (quoting *Ademiju v. United States*, 999 F.3d 474, 478 (7th Cir. 2021)). Notably, Grills stops short of suggesting he was denied law library access altogether. *Nieto*, 2024 WL 4415213, at *4 (noting that the petitioner failed to "provid[e] any specifics as to the actual dates and number of days he was possibly denied access to the law library or had an inability to access his legal paperwork, and courts have routinely found that such a bare assertion does not qualify as an 'extraordinary circumstance'" (citing *Magee v. Butler*, No. 14-cv-6879, 2015 WL 5951877, at *6 (N.D. Ill. Oct. 13, 2015) and *United States v. Davis*, No. 1:16-CR-55-TLS-SLC, 2023 WL 35668109, at *5 (N.D. Ind. May 18, 2023))).

At the end of the day, Grills' argument that he had to overcome various hurdles, be it moving from prison to prison, losing his legal papers or having no access to computers with A.I., is severely undermined by the fact that that, in March 2022, Grills filed a motion for compassionate release in his Criminal Case, CR-ECF No. 81, which required a significant expenditure of time and resources on the part of the judiciary and Grills himself. CR-ECF No. 83 (motion to amend motion for compassionate release); CR-ECF No. 86 (briefing schedule); CR-ECF No. 89 (motion for summary judgment regarding his motion for compassionate release); CR-ECF No. 91 (denying motion for summary judgment, but allowing parties

to brief out merits of motion for compassionate release); CR-ECF No. 92 (appealing that decision); CR-ECF No. 99 (the Seventh Circuit's denial of the appeal as premature); CR-ECF No. 100 (this Court's denial of the motion for compassionate release); CR-ECF No. 101 (renewed motion for compassionate release); CR-ECF No. 102 (briefing schedule for renewed motion); CR-ECF No. 103 (motion to withdraw renewed motion); CR-ECF No. 104 (granting withdrawal of that motion). Plainly, whatever hurdles Grills may have faced while in prison did not stop him from pursuing his motion for compassionate release.[4] For all these reasons, the Court will deny Grills' request to apply equitable tolling.

Therefore, the only other way Grills can proceed here is if he satisfies the actual innocence exception to untimeliness. *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). To succeed, a petitioner would have to persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Delo*, 513 U.S. at 329). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Grills argues that he was "actually innocent of added enhancements," a reference to his use of threat or force in conducting the kidnapping. ECF No. 2 at 1, 7 (discussing the gun brought to the victim's house); CR-ECF No. 55 at 8 (presentencing report's discussion of the enhancement for this use of threat

---

[4]Had Grills filed a habeas motion, rather than a motion for compassionate release, in March 2022, the Court notes the timeliness issue would remain because, as noted earlier, his appeal in his Criminal Case resolved in May 2020. CR-ECF No. 74.

or force). However, the "allegation that an enhancement was misapplied is one of legal, not factual, innocence, so the time bar still applies." *United States v. Rutherford*, Nos. 1:21-CR-51-HAB-SLC and 1:25-CV-609-HAB, 2026 WL 396434, at *1 (N.D. Ind. Feb. 11, 2026) (citing *Lairy v. United States*, 142 F.4th 907, 915 (7th Cir. 2025)).

For the foregoing reasons, the Court will deny Grills' operative § 2255 motion and dismiss this action with prejudice. *Page v. United States*, No. 22-cv-2745-SMY, 2024 WL 3874911, at *2 (S.D. Ill. Aug. 20, 2024) (dismissing habeas petition with prejudice as untimely).

**4.      CERTIFICATE OF APPEALABILITY**

Under Rule 11 of the Rules Governing 28 U.S.C. § 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)). For all the reasons just discussed, Grills has not made such a showing. Therefore, a certificate of appealability will not issue.

**5.      CONCLUSION**

For the reasons stated herein, the Court will deny Grills' request to apply equitable tolling, deny his signed motion pursuant to 28 U.S.C. § 2255, and dismiss this action with prejudice. It will deny as moot his unsigned § 2255 motion. The Court will not issue a certificate of appealability because no reasonable jurist would debate this Court's assessment.

Accordingly,

**IT IS ORDERED** that Petitioner Wayne D. Grills' request for equitable tolling, ECF No. 2, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner Wayne D. Grills' unsigned motion for writ of habeas corpus pursuant to 28 U.S.C. § 2255, ECF No. 1, be and the same, is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner Wayne D. Grills' signed motion for writ of habeas corpus pursuant to 28 U.S.C. § 2255, ECF No. 2, be and the same, is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.